**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-30564
(Summary Calendar)

EARL H. HINES, JR. and
BEVERLY HELMS HINES,

Plaintiffs-Appellants,

versus

ADMIRAL INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana,
Lake Charles Division

(95-CV-1011)

November 21, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a final judgment entered by the district court in favor of Defendant-Appellee Admiral Insurance Company (Admiral) on a claim brought by Plaintiffs-Appellants Earl

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

H. Hines, Jr. and Beverly Helms Hines (the plaintiffs) seeking enforcement of a purported settlement agreement of litigation in Louisiana state court.

The underlying products liability lawsuit was tried to a jury in Louisiana state court. The jury unanimously found in favor of Admiral, but the Louisiana Third Circuit Court of Appeal reversed the jury verdict. Admiral then applied for writs to the Louisiana Supreme Court. The plaintiffs contend that, while Admiral's writ application was pending, they had contracted with Admiral to settle the underlying lawsuit through an exchange of letters. Nevertheless, counsel for both sides briefed and argued the case to the Louisiana Supreme Court without any mention whatsoever of settlement, and thereafter continued to exchange settlement offers and counter offers while the parties awaited that court's opinion. In fact, the plaintiffs never even insisted that a settlement agreement existed until they asserted such a claim for the first time in their motion requesting a rehearing before the Louisiana Supreme Court -- after that court had issued its opinion reinstating the jury verdict that had rejected all of the plaintiffs' claims.

The plaintiffs filed the instant case in state court (Hines II) after the Louisiana Supreme Court had denied the plaintiffs' motion for rehearing in the underlying state lawsuit (Hines I). Hines II was removed to federal district court, where it was tried to the court without a jury. The district court concluded that

2

there was no valid settlement agreement under Louisiana law because the letters relied on by the plaintiffs did not address any of the following necessary particulars:  (1) The terms of Admiral's release from liability, (2) questions of indemnity, (3) reservations of rights against other co-defendants, (4) which party or parties would be obligated to pay the substantial court costs that had accumulated, or (5) how to divide the putative settlement proceeds between the plaintiffs.  Although we could quibble with the district court's precise analysis, or with the particular grounds on which that court chose to reject the plaintiffs' claim, the overall reasoning is certainly correct, as is the result.

Regardless of whether the plaintiffs ever truly believed that a settlement agreement had been reached, they clearly waived their right to enforce any such agreement by hiding its existence from the Louisiana Supreme Court and continuing to argue to that court their position in relation to the underlying claim, all the while continuing to negotiate with Admiral for a settlement.  We harbor no doubts that the plaintiffs and Admiral each hoped to receive a favorable result from the Louisiana Supreme Court.  We speculate, however, that even if the plaintiffs had received a favorable result from the Louisiana Supreme Court, this case would be before us today, albeit the parties would be taking opposite positions regarding settlement.

Indeed, the inconsistent positions which both sides have taken

as they flipped and flopped through the various stages of this litigation, in both state courts and federal courts (this is the fifth court to consider some aspects of the merits of this dispute) have tempted us to consider parallel sanctions for frivolousness at this final stage in its history.  We trust that the caution implicit in this final observation will be heeded by all concerned. AFFIRMED.